# C O N O V E R

**LAW OFFICES**
75 Rockefeller Plaza, 20th Floor
New York, NY 10019

Telephone (212) 588-9080
Telecopier (212) 763-5001

Bradford D. Conover*                                                                               *Admitted in New York and Connecticut
                                                                                                    Direct email: brad@conoverlaw.com

November 30, 2010

**Via ECF and Federal Express**

The Honorable Joanna Seybert
U.S. District Court Judge
U.S. District Court for the Eastern District
1020 Federal Plaza
P.O. Box 9014
Central Islip, New York

      Re:    *CA, Inc., v. Xing, SA and Francois Peloffy*, Case No. CV-08-3191 (JS)(ETB)

Dear Judge Seybert:

    As counsel for defendants and third party plaintiff, Xing SA and Francois Peloffy (collectively "Peloffy"), we write to request that the Court afford the parties a limited discovery period of 30 days to complete discovery, including the exchange of certain documents, which documents the parties intended to exchange prior to trial, and refer the matter for mediation through the Court mediation service within the same period of time. In the alternative, and to avoid manifest injustice, Peloffy requests leave to file a late objection to the order of Magistrate Boyle dated November 3, 2010.[1]

    I discussed Peloffy's discovery extension request with John McEntee, Esq., counsel for CA, Inc. and Ingres Corp. (collectively "CA"). Mr. McEntee did not oppose the request, but advised that he required an additional week to discuss it with CA. As we have approached the joint pretrial order ("JPTO") filing date, we believe that it is important to advise the Court of the issue and make the application without further delay. The parties intend to file the JPTO on schedule, but the parties will need to reserve their respective rights in view of the status of discovery.

---

[1] Magistrate Boyle issued a blanket denial of CA's joint letter request, dated November 1, 2010, without a conference or knowledge concerning the extent of discovery completed or counsels' agreement to hold all document production. No prior discovery compliance conference was held. Our firm, a two attorney firm, was engaged in depositions, trial preparation and another trial during the first two weeks of November. We continued to work in good faith with CA's counsel to resolve the discovery and settlement issues by agreement.

Honorable Joanna Seybert
November 30, 2010
Page 2

      The requested extension shall not affect the filing date for the JPTO, the briefing dates for the pending motion for judgment on the pleadings, or the trial. This limited window to complete discovery is likely to eliminate or substantially reduce unnecessary pretrial motion in *limine* practice, substantial prejudice to the parties, and expedite both the trial of this matter as well as the potential for settlement.

      All the parties are faced with the highly unusual situation of proceeding to trial on a copyright infringement case with *no* documents. During the course of discovery, the parties agreed to a number range in principle within which they were both willing to settle. As a result the parties were confident that a settlement would be reached. We agreed with counsel for CA to hold, pending completion of the settlement negotiations, document production exchange. The negotiations were extended beyond the date that the parties' had anticipated for a variety of reasons beyond counsels' control, including securing the necessary authority from CA's decision-makers and securing information requested by CA from Peloffy, which required locating various third party sources in France.

      Because substantive settlement discussions were ongoing, counsel for CA, by letter dated November 1, 2010, requested an extension of discovery through March 25, 2011. Peloffy joined in the request. Although all parties had served discovery requests and prepared responses, CA's counsel had agreed to stay the exchange of documents by both sides to conclude substantive settlement negotiations.[2]

      While we recognize that the November 1, 2010 joint request for an extension of discovery of four months through March 2011 was not acceptable to Magistrate Boyle, some short discovery extension is necessary to avoid manifest injustice.[3] All parties agreed to stay discovery because it initially appeared that the parties were within the same settlement range, and all parties shared an interest in avoiding expensive and time-consuming depositions with parties located in France, unnecessary discovery disputes, and motion practice. Irrespective of the wisdom, or, in hindsight the lack of wisdom, of counsels' agreement, no extension at all to complete the exchange of discovery agreed to by the parties, places the parties in uncharted territory concerning trial preparation, gives rise to additional disputes as to admissibility and pretrial motion practice, and is likely to derail settlement negotiations.

      This week, in the course of jointly preparing the pretrial order, it has become apparent that CA's counsel may now attempt to use the agreement to stay the document exchange, as a sword, to preclude Peloffy from admitting any documents at trial on the grounds that they were not exchanged in discovery and, as a shield, to completely avoid CA's discovery obligations. If

---

[2] The settlement discussions and various counteroffers are ongoing.

[3] "In the absence of an objection, the district court is not required to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas v. Arn*, 474 U.S. 140, 154 (1985) (citing 28 U.S.C. § 636(b)(1)).

Honorable Joanna Seybert
November 30, 2010
Page 3

either or both counsel were to proceed in this manner, trial preparation would be unnecessarily complicated by cross-motions *in limine* as to the admissibility of documents and witness testimony.

The documents held by all parties go to the heart of Peloffy's copyright infringement counterclaims and CA's claims and defenses. The absence of the exchange of these crucial documents prior to trial is likely to significantly complicate the trial, by necessitating otherwise unnecessary motions *in limine*, and, most importantly, cause substantial prejudice to one, or all the parties. The requested limited extension of 30 days, through December 2010, will readily avoid these trial complications, eliminate the risk of substantial prejudice, and, unlike the prior joint request, preserve the existing motion, joint pretrial order, and trial dates.

Accordingly, Peloffy respectfully requests that the Court grant his application for a limited extension to reopen discovery for 30 days to permit the exchange of discovery previously requested and not objected to by the parties; to refer the matter to mediation; and/or permit Peloffy, in the interests of justice, to file a late objection under Rule 72 to Magistrate's Boyle's denial of the parties' prior joint request.

We are available for an in-person or telephone conference with the Court if deemed appropriate or necessary. Thank you for your consideration.

                                                Respectfully Submitted,
                                                /s
                                                Bradford D. Conover

cc:      John McEntee (via ECF and email)
          Magistrate Judge Boyle (via ECF and Federal Express)